UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| SYLVIA DONALDSON; JACQUI PHILLIPS; KAREN ELLIS; THOMAS BURCH; KELLIA HICKS; MIDGE WOODS; GABRIELLE BARNES; GERREN BURTON; ROSALIND CHARLES; TAMARA DICKERSON; PAUL FOSTER; SHIRLEY FOSTER; RODNEY FREEMAN; KURTIS DOWNING; JARED ELSTON; TRACY FINNEY; DAMON HALL; DARREN HALL; DIAMOND HALL; KENDRICK HENRY; SHANEETRA HENRY; OCTAVIA JACKSON; EDMONN MAUL; KEVIN NIXON SHARON PAYNE; MARKEITH POSTON; MICHAEL REESE; JAMES SCHAUMBERG; PHILLIP THOMAS; JESSICA WILLIAMS , | CASE NO.: |
| | **COMPLAINT FOR DAMAGES** |
| | 1) **Violation of the Racketeer Influenced and Corrupt Organizations Act** |
| | 2) **Fraud-California** |
| | 3) **Fraud-Virginia** |
| | 4) **Fraud-Missouri** |
| | 5) **Fraud-Florida** |
| | 6) **Fraud-Texas** |
| | 7) **Fraud-Indiana** |
| | 8) **Breach of Contract** |

*Plaintiffs,*

vs.

JOSHUA CRISP, an individual; AMZ HUNTER LLC, a limited liability company; CRISP LEARNING TECHNOLOGIES LLC, a limited liability company; CRISP HOLDINGS LLC, a limited liability company; and DOES 1 through 20, Inclusive

1

RICO COMPLAINT FOR DAMAGES

_Defendants._                    )

**COMES NOW PLAINTIFFS** Sylvia Donaldson, Karen Ellis, Thomas Burch, Kellia Hicks, Midge Woods, Gabrielle Barnes, Gerren Burton, Rosaland Charles, Tamara Dickerson, Paul Foster, Shirley Foster, Rodney Freeman, Jared Elston, Tracy Finney, Damon Hall, Darren Hall, Diamond Hall, Kendrick Henry, Shaneetra Henry, Octavia Jackson, Edmonn Maul, Kevin Nixon, Sharon Payne, Markeith Poston, Michael Reese, James Schaumberg, Jacqui Phillips, Phillip Thomas, Jasmine Burch, Jessica Williams, and Josh Sinnot (collectively "Plaintiffs") hereby allege the following facts in support of their Racketeer Influenced and Corrupt Organizations (RICO) Act Complaint for Damages:

## I. **INTRODUCTION**

1.    This matter involves a nationwide fraudulent and unlawful scheme promulgated through means of wire and mail by Defendants JOSHUA CRISP, AMZ HUNTER LLC, CRISP LEARNING TECHNOLOGIES LLC, and CRISP HOLDINGS LLC (collectively, "Defendants") to sell purportedly self-sustaining Amazon businesses to customers which would purportedly provide guaranteed passive income. In reality, rather than provide any cognizable Amazon business to the customers, Defendants converted the monies of the customers whilst providing the customers with no tangible benefit, let alone an Amazon business.

2.    Defendants market themselves over the internet on such platforms as Facebook, Instagram, and Twitter, and mailings as experts in the creation, maintenance, and recoupment of revenues from Amazon FBA businesses. Additionally, Defendants represented to Plaintiffs and each of them that Defendants could create a self-sustaining Amazon business. Defendants' representations were false and deceptive.

3.    This is a civil complaint for wire and mail fraud perpetrated in

2

connection with Defendants' unlawful enterprise. Defendants' scheme has affected hundreds of individuals, if not more, nationwide.

## PARTIES

4.    Plaintiff Sylvia Donaldson is, and at all relevant times was, an individual residing in the State of Missouri.

5.    Plaintiff Karen Ellis is, and at all relevant times was, an individual residing in the State of Missouri.

6.    Plaintiff Thomas Burch is, and at all relevant times was, an individual residing in the State of California.

7.    Plaintiff Jasmine Burch is, and at all relevant times was, an individual residing in the State of California.

8.    Kellia Hicks is, and at all relevant times was, an individual residing in the State of Virginia.

9.    Plaintiff Midge Woods is, and at all relevant times was, an individual residing in the State of Virginia.

10.    Plaintiff Gabrielle Barnes is, and at all relevant times was, an individual residing in the State of Missouri.

11.    Plaintiff Gerren Burton is, and at all relevant times was, an individual residing in the State of Missouri.

12.    Plaintiff Rosalind Charles is, and at all relevant times was, an, individual residing in the State of Florida.

13.    Plaintiff Jacqui Phillips is, and at all relevant times was, an individual residing in the State of Missouri.

14.    Plaintiff Tamara Dickerson is, and at all relevant times was, an individual residing in the State of Missouri.

15.    Plaintiff Paul Foster is, and at all relevant times was, an individual residing in the State of Missouri.

RICO COMPLAINT FOR DAMAGES

16.    Plaintiff Shirley Foster is, and at all relevant times was, an individual residing in the State of Missouri.

17.    Plaintiff Rodney Freeman is, and at all relevant times was, an individual residing in the State of Indiana.

18.    Plaintiff Jared Elston is, and at all relevant times was, an individual residing in the State of California.

19.    Plaintiff Tracy Finney, is, and at all relevant times was, an individual residing in the State of Missouri.

20.    Plaintiff Darren Hall is, and at all relevant times was, an individual residing in the State of Missouri.

21.    Plaintiff Diamond Hall is, and at all relevant times was, an individual residing in the State of Missouri.

22.    Plaintiff Damon Hall is, and at all relevant times was, an individual residing in the State of Missouri.

23.    Plaintiff Kendrick Henry is, and at all relevant times was, an individual residing in the State of Missouri.

24.    Plaintiff Shaneetra Henry is, and at all relevant times was, an individual residing in the State of Missouri.

25.    Plaintiff Octavia Jackson is, and at all relevant times was, an individual residing in the State of Missouri.

26.    Plaintiff Edmonn Maul, is, and at all relevant times was, an individual residing in the State of Missouri.

27.    Plaintiff Kevin Nixon is, and at all relevant times was, an individual residing in the State of Florida.

28.    Plaintiff Sharon Payne is, and at all relevant times was, an individual residing in the State of Missouri.

29.    Plaintiff Markeith Poston is, and at all relevant times was, an

4

RICO COMPLAINT FOR DAMAGES

individual residing in the State of Texas.

30.    Plaintiff Michael Reese is, and at all relevant times was, an individual residing in the State of Texas.

31.    Plaintiff James Schaumberg is, and at all relevant times was, an individual residing in the State of Missouri.

32.    Plaintiff Phillip Thomas is, and at all relevant times was, an individual residing in the State of Indiana.

33.    Plaintiff Jessica Williams is, and at all relevant times was, an individual residing in the State of Missouri.

34.    Plaintiff Kurtis Downing is, and at all relevant times was, an individual residing in the State of Missouri.

35.    Plaintiff Josh Sinnot is, and at all relevant times was, an individual residing in the State of California.

36.    Defendant Josh Crisp is, and at all relevant times was, an individual residing in the State of Texas.

37.    Defendant AMZ Hunter LLC is, and at all relevant times was, a limited liability company registered in the State of Texas and conducting business nationwide.

38.    Defendant Crisp Learning Technologies LLC is, and at all relevant times was, a limited liability company registered in the State of Texas and conducting business nationwide.

39.    Defendant Crisp Holdings LLC is, and at all relevant times was, a limited liability company registered in the State of Indiana and conducting business nationwide.  (Defendants AMZ HUNTER LLC, Crisp Learning Technologies LLC, and Crisp Holdings LLC collectively referred to as the "Corporate Defendants").

40.    Plaintiffs are informed and believes and therefore allege that at all

5

RICO COMPLAINT FOR DAMAGES

times herein mentioned, each of the Defendants was acting as an agent and/or servant and/or employee and/or alter ego of the other defendant, and, in doing the things herein alleged, were acting within the course and scope of such agency, service, employment, representation, or alter ego, and with the permission and consent of the other Defendants.

41.    Defendants, individually, keep forming and creating new enterprises to continue this fraudulent scheme so as to avoid detection. The true names and capacities of Defendants herein designated by the fictitious names Does 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. When the true names and capacities of such fictitiously named Defendants have been ascertained, Plaintiffs will amend this pleading accordingly.

## II.    JURISDICTION AND VENUE

42.    This Court has subject matter jurisdiction over this action under 28 U.S.C. 1331 because Plaintiffs' claims arise under the RICO Act, 18 U.S.C. 1962.  The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. 1367.

43.    This Court may exercise personal jurisdiction over Defendants pursuant to RICO's provision for nationwide service of process. See Fed. R. Civ. P. 4(k)(1)(D) (service of process establishes personal jurisdiction when authorized by federal statute); 18 U.S.C.1965(b). Section 1965(b) provides:

> In any action under section 1964 of this chapter [18
> USCS    1964] in any district court of the United States in
> which it is shown that the ends of justice require that
> other parties residing in any other district be brought
> before the court, the court may cause such parties to be
> summoned, and process for that purpose may be served

6

RICO COMPLAINT FOR DAMAGES

in any judicial district of the United States by the marshal
thereof.

Congress enacted RICO's nationwide service of process provision because it
recognized "the difficulty of choosing a forum for an action against a nationwide
racketeering enterprise." *Gutierrez v. Givens*, 989 F. Supp. 1033, 1037 (S.D. Cal.
1997).  RICO's nationwide service of process enables plaintiffs to "bring all
members of a nationwide RICO conspiracy before a court in a single trial."
*Butcher's Union*, 788 F.2d at 539. Congress expressly intended RICO to be
"liberally construed to effectuate its remedial purposes." Organized Crime Control
Act of 1970, Pub.L.No. 91-452, Title IX, § 904, 84 Stat. 947 (1970), codified at 18
U.S.C.A. § 1961.

44.     This Court has personal jurisdiction over each Defendant pursuant to
18 U.S.C. 1965(b) & (d).  Additionally, this Court has personal jurisdiction over
Defendants because they have minimum contacts with the United States, this
judicial district, and this State, and intentionally availed themselves of the laws of
the United States and this state by conducting a substantial amount of business,
marketing, and obtaining clients in the State of Texas to promulgate their
fraudulent scheme.   Additionally, venue is proper in this judicial district as the
corporate Defendants have sufficient minimum contacts with this judicial district.

### III.    FACTUAL ALLEGATIONS

45.     The fraudulent scheme began in or around late 2020 or early 2021.
Taking advantage of the Covid-19 disruption, Defendants, who sold a program
called the AMZ formula, the purpose of which is to show customers how to build a
successful FBA business from scratch, began marketing and selling their ability to
sell completed amazon FBA businesses.  Specifically, rather than an individual
starting a business from scratch, Defendants marketed that they could create "done
for you" or completed Amazon Businesses, which could be purchased.  Defendants

7

marketed their ability to sell these businesses through mailings, over the internet, including platforms like Facebook, Instagram, and Google, and over the phone. Additionally, Defendant Joshua Crisp runs a website entitled amztogether.com which guarantees that Defendants can set up an automated Amazon business for customers.  As set forth below, the individual plaintiffs relied upon these representations.

46.    Defendants modus operandi was to promote their services  over various wire communications and mailings.  Defendants guaranteed that in exchange of $30,000.00 that Defendants could provide Plaintiffs, and each of them, a self-sustaining Amazon business which would provide Plaintiffs with $3,000.00 to $10,000.00 in passive income.  For the next weeks, Defendants would obtain Plaintiffs' monies via wire and correspond further with Plaintiffs via wire communications such as the telephone, email, and social media to further lure and hook Plaintiffs into Defendants' fraudulent laundering and deception including stating that they could provide the self-sustaining Fulfillment by Amazon ("FBA") Amazon Business within a specific timeframe, usually two to four months. Contrary to these representations, Defendants did not provide a self-sustaining Amazon Business and knew that any representations regarding providing a self-sustaining Amazon Business were false. Defendants repeated this pattern of fraud over and over for each of the Plaintiffs. After Plaintiffs paid the monies, Defendants and their agents—who had been very communicative via wire communications to orchestrate and lure Plaintiffs into procuring the purported self-sustaining Amazon business—became reticent and unresponsive.  Furthermore, Defendants refuse to return the monies to Plaintiffs.

### *Plaintiff Karen Ellis*

47.    On or around April 8, 2021, Defendant Joshua Crisp utilizing his various alter ego companies promised Karen Ellis that, if she paid him $30,000.00,

RICO COMPLAINT FOR DAMAGES

then she would receive an automated FBA amazon business that would bring in 3,000.00-10,000.00 per month in revenue. Additionally, Defendant Joshua Crisp promised that Plaintiff Karen Ellis's payment of $30,000 also guaranteed that she would receive training, mentorship and support, and weekly follow up and status updates. Plaintiff Karen Ellis communicated with Defendants by visiting Defendants' website and communicating telephonically. Although Plaintiff Karen Ellis provided $30,000.00 via a wire transfer, and the timeframe within which to provide the completed Amazon business has lapsed, Defendants have provided her with nothing tangible to date.

### *Sylvia Donaldson*

48.     On or around May 6, 2021, after completing Defendants' AMZ Formula course, Defendant Joshua Crisp promised Plaintiff Sylvia Donaldson an automated "done for you" Amazon business, which would include product research and selection, sourcing, manufacturing, branding, creating an Amazon listing and advertising, with a guaranteed $3,000.00 – 10,000.00 passive monthly income stream in exchange for $30,000.00. Defendants' representations occurred during a five-day workshop where information concerning the purported automated Amazon business was transmitted via live videos and onboarding calls. Defendants repeatedly represented to Plaintiff Sylvia Donaldson that her business would be completed in three to four months. As a result of Defendants' representations, Plaintiff Sylvia Donaldson paid Defendants $30,000 via a credit card and a wire transfer. To date, after more than eight months since Plaintiff Donaldson's payment, Plaintiff has not received any Amazon business.

### *Plaintiff Thomas Burch*

49.     Beginning in September of 2020 and ending in April of 2021, Plaintiff Thomas Burch paid Defendants $34,118.00 in exchange for a completed automated Amazon Business with a guaranteed revenue stream. Plaintiff Thomas

9

Burch communicated with Defendants through wire and telephonically.  Other than providing a logo and selecting a product, Defendants have provided no automated business.

### *Plaintiff Kellia Hicks*

50.    On or about April 7, 2021, Kellia Hicks  paid Defendants approximately $30,000 for training materials, mentoring, and for the creation of an automated Amazon business.  Plaintiff communicated with Defendants telephonically and via wire communications such as the internet.  Continuing Defendants' pattern of deceit and false promises,  Defendants  provided Plaintiff Kellia Hicks with no training materials, mentoring or automated Amazon business.

### *Plaintiff Midge Woods*

51.    In April of 2021 and September of 2021, Midge Woods paid Defendants approximately $31,842.50 for a complete automated Amazon business. Specifically, Defendants promised to create Plaintiff Midge Woods and Amazon business in 14 to 16 weeks that would produce $3,000 to $5,000 a month of passive income.   Defendants made these communications telephonically.   To date, Defendants have provided nothing.

### *Remaining Plaintiffs*

52.    The factual patterns of each Plaintiff parallel one another.  The allegations concerning Plaintiff Karen Ellis, Sylvia Donaldson, Thomas Burch, Kellia Hicks, and Midge Woods are representative of all the Plaintiffs in this action.

53.    During the timeframe of 2020 to 2021, Plaintiffs Gabrielle Barnes, Josh Sinnot, Gerren Burton, Rosalind Charles, Tamara Dickerson, Paul Foster, Rodney Freeman, Jared Elston, Tracy Finney, Darren Hall, Diamond Hall, Kendrick Henry, Shaneetra Henry, Octavia Jackson, Edmonn Maul, Kevin Nixon, Sharon Payne, Markeith Poston, Michael Reese, James Schaumberg, Phillip

RICO COMPLAINT FOR DAMAGES

Thomas, and Jessica Williams each contributed at least $30,0000.00 to Defendants for an automated FBA Amazon business. Similar to Midge Woods, Kellia Hooks, Karen Ellis, and Sylvia Donaldson, Defendants guaranteed that the automated FBA Amazon business could provide income. Defendants failed to provide an automated business. Furthermore, Defendants marketed their fraudulent services and procured these monies through mailings and wires.

### Defendants' Unlawful Scheme Continues

54.    Plaintiffs, and each of them, have contacted Defendants about Defendants' failure to provide an automated FBA Amazon business, or comply with Defendants' other promises of providing training, mentorship and support concomitant with the automated FBA Amazon business.

55.    Although responsive when luring Plaintiffs into its fraudulent scheme, Defendants became unresponsive, distant, and aloof when these same Plaintiffs communicated, or attempted to communicate, about Defendants' failure to deliver any of the automated FBA Amazon businesses. Specifically, Defendants did not answer phone calls, did not answer emails, or only offered vague and unclear responses. Additionally, Defendants instructed its staff members to keep Plaintiffs and others whom Defendants defrauded in the dark.

56.    Defendants continue to market and sell their fraudulent scheme to sell to unsuspecting customers. Defendants used and continue to use interstate wires, mail, and fraudulent advertisements to carry out their scheme.

57.    Additionally, Defendants accomplished its fraud through the creation of the Corporate Defendants. Of the Corporate Defendants, AMZ Hunter LLC's business address appears to be fictitious, Crisp Learning Technologies LLC is no longer in business, and Crisp Holding LLC's business address is a vacant lot. On

11

RICO COMPLAINT FOR DAMAGES

information and belief, Defendants and DOES 1-10 continue to create fraudulent corporate entities to foster their fraudulent scheme.

## CLAIMS

## FIRST CAUSE OF ACTION

## RICO §§ 1962(c), 1964(c).

58.    Plaintiffs incorporate by reference each and every paragraph in this Complaint necessary to state this cause of action as though fully set forth herein.

59.    This Count is against all Defendants.

60.    The Corporate Defendants are all companies part of an enterprise

61.    engaged in and whose activities affect interstate commerce. The Individual Defendants are employed by, associated with, or part of the enterprise.

62.    The Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity ("any act which is indictable under . . . section 1341 (relating to mail fraud), section 1343 (relating to wire fraud)") and for the unlawful purpose of intentionally defrauding Plaintiffs.

63.    The Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C.A. § 1962(c). Specifically,  Defendants instituted a fraud through the use of false pretense and misrepresentations by calling, emailing, videoconferencing, and purporting on their website, and through social media, false documents and information and misrepresenting the truth about their ability to create automated FBA Amazon businesses in order to obtain funds from Plaintiffs and other unsuspecting customers.

64.    Specifically, and in furtherance of their ongoing fraudulent scheme, Defendants, and each of them, submitted or caused to be submitted, via interstate

12

RICO COMPLAINT FOR DAMAGES

telephone wires, the interne, and through the U.S. Postal Service/Electronic Email or other private or commercial interstate carrier, fraudulent statements affecting Plaintiffs and others concerning  Defendants' ability to create and sell automated FBA Amazon businesses.  These statements were made to induce Plaintiff's to purchase Defendants' sham Amazon Businesses.

65.    As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C.A. § 1962(c), Plaintiffs have been injured in their business and property in that they lost funds and business opportunities.  Specifically, Plaintiffs have paid via wire, credit card, or other electronic means at least $30,000.00 to procure self-sustaining Amazon Businesses.  Defendants did not provide a self-sustaining Amazon Business, and knew that they could not provide a self-sustaining Amazon Business to any of the Plaintiffs.  The Defendants' representations were false since inception.  Plaintiffs lost monies to Defendants' deception and have received no benefits of having an Amazon Business.

66.     Plaintiffs are entitled to a monetary award of damages to be determined at trial, a monetary award of treble damages to be determined at trial and their attorney's fees and costs.

67.    Additionally, Plaintiffs are entitled to a disgorgement, declaratory relief, and injunctive relief to prevent Defendants from continuing to market their fraudulent enterprise.

## SECOND CAUSE OF ACTION
### CALIFORNIA FRAUD

68.    Plaintiffs incorporate by reference each and every allegation contained in all of the preceding paragraphs of this Complaint.

69.    This claim is brought on behalf of Plaintiffs Jared Elston, Thomas Burch, Jasmine Burch, and Josh Sinnot against Defendants.

13

RICO COMPLAINT FOR DAMAGES

70.    Defendants represented to the California Plaintiffs that Defendants would timely provide an automated FBA Amazon business in exchange for monies, usually $30,000.00 ("thirty thousand dollars") per business.  Defendants guaranteed that these purported FBA Amazon businesses could provide thousands of dollars per month in passive income.  Defendants made these representations through mailings, telephone calls, the internet, and other wires.

71.    The California Plaintiffs relied on Defendants representations by paying the monies for the business.  Furthermore, the California Plaintiffs justifiably relied on Defendants' representations as Defendant Josh Crisp through himself and his various corporate Defendants marketed and portrayed himself as an experienced entrepreneur.  The California Plaintiffs had no way of knowing Defendants' representations were false.

72.    Defendants' representations were false.  Instead of providing the automated FBA Amazon business, Defendants converted the monies and failed to provide the California Plaintiffs with and automated FBA Amazon business. Defendants knew their representations were false and that Defendants could not provide self-sustaining FBA Amazon businesses.  Moreover, after Plaintiffs, and other victims of Defendants' schemes complained about not receiving the businesses, Defendants continued to sell and market their fraudulent scheme to the California Plaintiffs. Rather, Defendant intended to deceive the California Plaintiffs  members by concealing the true facts about the Amazon scheme.

73.    As a result of Defendants' actions, the California Plaintiffs have suffered damages in an amount according to proof.

74.    Further, because the actions of Defendants, including its officers, directors and/or managing agents of the company, were committed with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to the California Plaintiffs, the California

14

RICO COMPLAINT FOR DAMAGES

Plaintiffs seek punitive damages against Defendants in order to deter Defendants from such conduct in the future.

## THIRD CAUSE OF ACTION
### VIRGINIA FRAUD

75.     Plaintiffs incorporate by reference each and every allegation contained in all of the preceding paragraphs of this Complaint.

76.     This claim is brought on behalf of the Midge Woods against Defendants.

77.     Defendants represented to the Midge Woods that Defendants would timely provide an automated FBA Amazon business in exchange for monies, usually $30,000.00 ("thirty thousand dollars") per business.  Defendants guaranteed that these purported FBA Amazon businesses could provide thousands of dollars per month in passive income.  Defendants made these representations through mailings, telephone calls, the internet, and other wires.

78.     Midge Woods relied on Defendants representations by paying the monies for an Amazon business.  Furthermore, Midge Woods justifiably relied on Defendants' representations as Defendant Josh Crisp through himself and his various corporate Defendants marketed and portrayed himself as an experienced entrepreneur.  Midge Woods had no way of knowing Defendants' representations were false.

79.     Defendants' representations were false.  Instead of providing the FBA Amazon business, Defendants converted the monies and failed to provide Midge Woods with an automated FBA Amazon business.  Defendants knew their representations were false and that Defendants could not provide self-sustaining FBA Amazon businesses.  Moreover, after Midge Woods, and other victims of Defendants' schemes complained about not receiving the businesses, Defendants continued to sell and market their fraudulent scheme to the people in Virginia.

15

RICO COMPLAINT FOR DAMAGES

Rather, Defendant intended to deceive Midge Woods and others by concealing the true facts about the Amazon scheme.

80.   As a result of Defendants' actions, the Midge Woods has suffered damages in an amount according to proof.

81.   Further, because the actions of Defendants, including its officers, directors and/or managing agents of the company, were committed with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to Midge Woods, Midge Woods seeks punitive damages against Defendants in order to deter Defendants from such conduct in the future.

## FOURTH CAUSE OF ACTION
## MISSOURI FRAUD

82.   Plaintiffs incorporate by reference each and every allegation contained in all of the preceding paragraphs of this Complaint.

83.   This claim is brought on behalf of the Missouri Plaintiffs including Gabriella Barnes, Kellia Hicks, Rodney Freeman, Gerren Burton, Rosalind Charles, Kurtis Downing, Sylvia Donaldson, Sharon Payne, Jessica Williams, Octavia Jackson, Diamond Hall, Tracy Finney, James Schaumberg, Kendrick Henry, Shaneetra Henry, Jacqui Phillips, Paul Foster, Shirley Foster, and Edmonn Maul against Defendants.

84.   Defendants represented to the Missouri Plaintiffs that Defendants would timely provide an automated FBA Amazon business in exchange for monies, $30,000.00 ("thirty thousand dollars") per business. Defendants guaranteed that these purported FBA Amazon businesses could provide thousands of dollars per month in passive income. Defendants made these representations through mailings, telephone calls, the internet, and other wires.

16

RICO COMPLAINT FOR DAMAGES

85.    The Missouri Plaintiffs relied on Defendants representations by paying the monies for the business.  Furthermore, the Missouri Plaintiffs justifiably relied on Defendants' representations as Defendant Josh Crisp through himself and his various corporate Defendants marketed and portrayed himself as an experienced entrepreneur.  The Missouri Plaintiffs had no way of knowing Defendants' representations were false.

86.    Defendants' representations were false.  Instead of providing the automated FBA Amazon business, Defendants converted the monies and failed to provide the Missouri Plaintiffs with an automated FBA Amazon business. Defendants knew their representations were false and that Defendants could not provide self-sustaining FBA Amazon businesses.  Moreover, after Plaintiffs, and other victims of Defendants' schemes complained about not receiving the businesses, Defendants continued to sell and market their fraudulent scheme to the Missouri Plaintiffs. Rather, Defendant intended to deceive the Missouri Plaintiffs by concealing the true facts about the Amazon scheme.

87.    As a result of Defendants' actions, the Missouri Plaintiffs have suffered damages in an amount according to proof.

88.    Further, because the actions of Defendants, including its officers, directors and/or managing agents of the company, were committed with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to the Missouri Plaintiffs, the Missouri Plaintiffs seeks punitive damages against Defendants in order to deter Defendants from such conduct in the future.

## FIFTH CAUSE OF ACTION
### FLORIDA FRAUD

89.    Plaintiffs incorporate by reference each and every allegation contained in all of the preceding paragraphs of this Complaint.

17

RICO COMPLAINT FOR DAMAGES

90.    This claim is brought on behalf of the Florida Plaintiffs including Kevin Nixon and Rosalind Charles. Defendants represented to the Florida Plaintiffs that Defendants would timely provide an automated FBA Amazon business in exchange for monies, $30,000.00 ("thirty thousand dollars") per business.  Defendants guaranteed that these purported FBA Amazon businesses could provide thousands of dollars per month in passive income.  Defendants made these representations through mailings, telephone calls, the internet, and other wires.

91.    The Florida Plaintiffs relied on Defendants representations by paying the monies for the business.  Furthermore, the Florida Plaintiffs justifiably relied on Defendants' representations as Defendant Josh Crisp through himself and his various corporate Defendants marketed and portrayed himself as an experienced entrepreneur.  The Florida Plaintiffs had no way of knowing Defendants' representations were false.

92.    Defendants' representations were false.  Instead of providing the automated FBA Amazon business, Defendants converted the monies and failed to provide the Florida Plaintiffs with an automated FBA Amazon business. Defendants knew their representations were false and that Defendants could not provide self-sustaining FBA Amazon businesses.  Moreover, after Plaintiffs, and other victims of Defendants' schemes complained about not receiving the businesses, Defendants continued to sell and market their fraudulent scheme to the Florida Plaintiffs. Defendants intended to deceive the Florida Plaintiffs by concealing the true facts about the Amazon scheme.

93.    As a result of Defendants' actions, the Florida Plaintiffs have suffered damages in an amount according to proof.

94.    Further, because the actions of Defendants, including its officers, directors and/or managing agents of the company, were committed with malice,

18

RICO COMPLAINT FOR DAMAGES

oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to the Florida Plaintiffs, the Florida Plaintiffs seek punitive damages against Defendants in order to deter Defendants from such conduct in the future.

## SIXTH CAUSE OF ACTION
### TEXAS FRAUD

95.    Plaintiffs incorporate by reference each and every allegation contained in all of the preceding paragraphs of this Complaint.

96.    This claim is brought on behalf of the Texas Plaintiffs including Markeith Poston, Damon Hall, and Michael Reese. Defendants represented to the Texas Plaintiffs that Defendants would timely provide an automated FBA Amazon business in exchange for monies, usually $30,000.00 ("thirty thousand dollars") per business. Defendants guaranteed that these purported FBA Amazon businesses could provide thousands of dollars per month in passive income. Defendants made these representations through mailings, telephone calls, the internet, and other wires.

97.    The Texas Plaintiffs relied on Defendants representations by paying the monies for the business. Furthermore, the Texas Plaintiffs justifiably relied on Defendants' representations as Defendant Josh Crisp through himself and his various corporate Defendants marketed and portrayed himself as an experienced entrepreneur. The Texas Plaintiffs had no way of knowing Defendants' representations were false.

98.    Defendants' representations were false. Instead of providing the automated FBA Amazon business, Defendants converted the monies and failed to provide the Texas Plaintiffs with automated FBA Amazon businesses. Defendants knew their representations were false and that Defendants could not provide self-

19

RICO COMPLAINT FOR DAMAGES

sustaining FBA Amazon businesses.  Moreover, after Plaintiffs, and other victims of Defendants' schemes complained about not receiving the businesses, Defendants continued to sell and market their fraudulent scheme to the Texas Plaintiffs. Rather, Defendant intended to deceive the Texas Plaintiffs by concealing the true facts about the Amazon scheme.

99.    As a result of Defendants' actions, the Texas Plaintiffs have suffered damages in an amount according to proof.

100.   Further, because the actions of Defendants, including its officers, directors and/or managing agents of the company, were committed with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to the Texas Plaintiffs, the Texas Plaintiffs seek punitive damages against Defendants in order to deter Defendants from such conduct in the future.

## SEVENTH CAUSE OF ACTION
### INDIANA FRAUD

101.   Plaintiffs incorporate by reference each and every allegation contained in all of the preceding paragraphs of this Complaint.

102.   This claim is brought on behalf of the Phillip Thomas against Defendants.

103.   Defendants represented to the Phillip Thomas, a resident of Indiana, that Defendants would timely provide an automated FBA Amazon business in exchange for monies, $30,000.00 ("thirty thousand dollars") per business. Defendants guaranteed that these purported FBA Amazon businesses could provide thousands of dollars per month in passive income.  Defendants made these representations through mailings, telephone calls, the internet, and other wires.

104.   Phillip Thomas relied on Defendants representations by paying the

20

RICO COMPLAINT FOR DAMAGES

monies for the business.  Furthermore, Phillip Thomas justifiably relied on Defendants' representations as Defendant Josh Crisp through himself and his various corporate Defendants marketed and portrayed himself as an experienced entrepreneur.  Phillip Thomas had no way of knowing Defendants' representations were false.

105.   Defendants' representations were false.  Instead of providing the automated FBA Amazon business, Defendants converted the monies and failed to provide Phillip Thomas with an automated FBA Amazon business.  Defendants knew their representations were false and that Defendants could not provide self-sustaining FBA Amazon businesses.  Moreover, after Phillip Thomas, and other victims of Defendants' schemes complained about not receiving the businesses, Defendants continued to sell and market their fraudulent scheme to the people in Indiana. Rather, Defendant intended to deceive Phillip Thomas and others by concealing the true facts about the Amazon scheme.

106.   As a result of Defendants' actions, Plaintiff Phillip Thomas has suffered damages in an amount according to proof.

107.   Further, because the actions of Defendants, including its officers, directors and/or managing agents of the company, were committed with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to Phillip Thomas, Phillip Thomas seeks punitive damages against Defendants in order to deter Defendants from such conduct in the future.

## EIGHTH CAUSE OF ACTION
### BREACH OF CONTRACT

108.   Plaintiffs incorporate by reference each and every allegation contained in all of the preceding paragraphs of this Complaint.

109.   Defendants represented and promised to the Plaintiffs, that

21

RICO COMPLAINT FOR DAMAGES

Defendants would timely provide the Plaintiffs with an automated FBA Amazon business in exchange for monies, $30,000.00 ("thirty thousand dollars") per business. Defendants promised the Plaintiffs that these purported FBA Amazon businesses could provide thousands of dollars per month in passive income. Defendants made these representations through mailings, telephone calls, the internet, and other wires.

110.    Plaintiffs performed all conditions, covenants, and promises required on their  part to be performed in accordance with the terms and conditions of the Contract by providing Defendants with the necessary monies for the automated Amazon business and by providing any other information Defendants needed for the business.

111.    Defendants  breached the agreements by failing to provide an automated Amazon FBA business or any the representations associated with providing the automated Amazon business such as guidance and mentorship.

112.    As a result of Defendants' breach, Plaintiffs have sustained damages in excess $30,000.00 each in an amount according to proof, lost business opportunity, and attorney's fees, in an amount to be proven at trial.

## PRAYER FOR RELIEF

1.    For general damages in a sum according to proof;

2.    For treble damages in a sum according to proof;

3.    Punitive damages against defendants;

4.    For disgorgement of profits, declaratory and injunctive relief enjoining Defendants from any further sale, marketing, or distribution of their purported Amazon sales business;

5.    For reasonable attorney's fees and costs of suit herein;

22

RICO COMPLAINT FOR DAMAGES

6.      For such other and further relief as may be deemed just and proper.


Dated: March 9, 2022

By: /s/ Romy Lea Frazier
Texas Bar No. 295665
Law Office of Romy Frazier
2359 Austin Hwy,
San Antonio, TX
romylea@gmail.com

*Counsel for Plaintiffs*

RICO COMPLAINT FOR DAMAGES