| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

SYLVIA DONALDSON, KAREN ELLIS, §
THOMAS BURCH, KELLIA HICKS, §
MIDGE WOODS, GABRIELLE BARNES, §
GERREN BURTON, ROSALIND CHARLES, §
TAMARA DICKERSON, PAUL FOSTER, §
SHIRLEY FOSTER, RODNEY FREEMAN, §
JARED ELSON, TRACY FINNEY, §
DAMON HALL, DIAMOND HALL, §
KENDRICK HENRY, SHANEETRA HENRY, §
OCTAVIA JACKSON, EDMONN MAUL, §
COREY DANCY, KEVIN NIXON, §
SHARON PAYNE, MARKEITH POSTON, §
MICHAEL REESE, JAMES SCHAUMBERG, §
JACQUI PHILLIPS, PHILLIP THOMAS, §
JASMINE BURCH, NATALIE SMITH, §
NINA SMITH, JESSICA WILLIAMS, §
KURTIS DOWNING, and JOSHUA SINNOT,§
§
      Plaintiffs, §
§
versus §   CIVIL ACTION NO. 1:22-CV-111
§
JOSHUA CRISP, EILEEN SEPULVEDA, §
AMZ HUNTER LLC, CRISP LEARNING §
TECHNOLOGIES, LLC, and §
CRISP HOLDINGS, LLC, §
§
      Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Defendants Joshua Crisp ("Crisp"), AMZ Hunter, LLC ("AMZ Hunter"), Crisp Learning Technologies, LLC ("Crisp Learning"), and Crisp Holdings, LLC's ("Crisp Holdings") (collectively, "Defendants") Motion to Quash or Modify Non-Party Subpoena (#40). Plaintiffs filed a response in opposition (#45), and Defendants filed a reply (#47). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be granted in part.

I. <u>Background</u>

Plaintiffs have filed suit against Defendants asserting claims under 18 U.S.C. §§ 1962(c), 1962(d), the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as various state law fraud claims. On December 16, 2022, the court entered the parties' Agreed Confidentiality and Protective Order (#33), which governs the parties' production of certain information, including confidential financial information and non-public financial information.

On May 5, 2023, Plaintiffs served Defendants with a notice and a copy of a subpoena directed to JP Morgan Chase Bank, N.A. ("JP Morgan"), referencing two bank accounts purportedly owned by one or more of the Defendants (#40-1). Subsequently, on May 23, 2023, Defendants expressed concerns regarding the breadth and scope of the requests and provided proposed revisions to the subpoena (#40-2). On June 1, 2023, Plaintiffs' counsel contacted Defendants' counsel to inform them that he rejected Defendants' proposed revisions. On June 9, 2023, Plaintiffs served a third version of the subpoena on JP Morgan, which Defendants contend did not address all of their concerns (#40-3). The subpoena seeks the production of 18 categories of documents. Specifically, the subpoena requests:

> 1. Any and all DOCUMENTS referring to any of the PLAINTIFFS from Account 3751 from the timeframe of 2021 to present;
>
> 2. Any and all DOCUMENTS referring to any of the PLAINTIFFS from Account 9027 from the timeframe of 2021 to present;
>
> 3. Any and all DOCUMENTS relating to funds being transferred from Account 3751 to a beneficiary named Crisp Holdings from the timeframe of 2021 to present;
>
> 4. Any and all DOCUMENTS relating to funds being transferred from Account 9027 to a beneficiary named Crisp Holdings from the timeframe of 2021 to present;
>
> 5. The Operating Agreement for Account 37516.

6. The Operating Agreement for Account 9027;

7. Any and all DOCUMENTS from Account 3751 referring to an entity named Crisp Holdings from the timeframe of 2021 to present;

8. Any and all DOCUMENTS from Account 9027 referring to an entity named Crisp Holdings from the timeframe of 2021 to present;

9. Any and all DOCUMENTS from Account 3751 referring to an entity named Joshua Crisp's Programs from the timeframe of 2021 to present;

10. Any and all DOCUMENTS from Account 9027 referring to an entity named Joshua Crisp's Programs from the timeframe of 2021 to present;

11. Any and all DOCUMENTS relating to any Person that wired monies into Account 9027 seeking return of monies from the timeframe of 2021 to present RELATING to AMZ;

12. Any and all DOCUMENTS relating to any Person that wired monies into Account 3751 seeking return said monies from the timeframe of 2021 to present RELATING to AMZ;

13. Any and all DOCUMENTS relating to any Person that wired monies into Account 9027 filing a complaint for return of said funds from the timeframe of 2021 to present RELATING to AMZ;

14. Any and all DOCUMENTS relating to any Person that wired monies into Account 3751 filing a complaint for return of said funds from the timeframe of 2021 to present RELATING to AMZ;

15. Any and all DOCUMENTS relating to wire fraud from Account 9027 from the timeframe of 2021 to present RELATING to AMZ;

16. Any and all DOCUMENTS relating to wire fraud from Account 3751 from the timeframe of 2021 to present RELATING to AMZ;

17. Any and all DOCUMENTS relating to the identity [of] any authorized user of Account 9027 from the timeframe of 2021 to present; and

18. Any and all DOCUMENTS relating to the identity [of] any authorized user of Account 3751 from the timeframe of 2021 to present.

Defendants' pending motion requests the court to quash Plaintiffs' subpoena, or in the alternative, modify the requests "with particularity as is required under well-established Fifth Circuit case law." Specifically, Defendants contend that the subpoena is overbroad, unduly burdensome, and not particularized.

II.   Analysis

   A.   Scope of Discovery

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil cases." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (Powell, J., concurring); *accord Mitnor Corp. v. Club Condos.*, 339 F.R.D. 312, 319 (N.D. Fla. 2021); *Torrey v. Infectious Diseases Soc'y of Am.*, 334 F.R.D. 79, 83 (E.D. Tex. 2019). "[C]ontrol of discovery is committed to the sound discretion of the trial court." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 386 (5th Cir. 2020) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)); *accord Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 872 (5th Cir. 2018) (quoting *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010)); *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir.), *cert. denied*, 558 U.S. 826 (2009). District courts have wide discretion to determine the scope of discovery. *See Cruz v. Maverick County*, 957 F.3d 563, 570 (5th Cir. 2020); *Shumpert v. City of Tupelo*, 905 F.3d 310, 326 (5th

Cir. 2018), *cert. denied*, 139 S. Ct. 1211 (2019). At the discovery stage, relevancy is broadly construed, and information is considered relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)); *accord Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) ("Under [Rule 26(b)(1)], information is relevant if it 'bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'" (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991))); *Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*, No. 4:22-CV-093, 2023 WL 3686806, at *1 (E.D. Tex. Jan. 27, 2023); *Nafta Traders, Inc. v. ADIDAS Am., Inc.*, No. 3:19-CV-00915-N, 2023 WL 114703, at *2 (N.D. Tex. Jan. 4, 2023); *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019). *But see Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2017 WL 319064, at *4 n.4 (E.D. Tex. Jan. 23, 2017) (noting that "Rule 26 was amended to delete from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'" (quoting FED. R. CIV. P. 26 advisory committee's note to 2015 amendment)).

In order for information to be discoverable, it "must be both relevant and proportional to the needs of the case—which are related but distinct requirements." *Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 161 (N.D. Tex. 2018) (quoting *Samsung Elecs. Am., Inc. v. Chung Yang Kun*, 321 F.R.D. 250, 279 (N.D. Tex. 2017)); *accord Baker v. Walters*, ___ F.

Supp. 3d ___, No. 3:22-cv-552-M, 2023 WL 424788, at *7 (N.D. Tex. Jan. 26, 2023) (citing FED. R. CIV. P. 26(b)(1)). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value." *Baker*, 2023 WL 424788, at *7 (quoting *Samsung Elecs. Am., Inc.*, 321 F.R.D. at 280); *accord Zenith Ins. Co.*, 328 F.R.D. at 161. The party resisting discovery has the burden to show specifically how each discovery request at issue is not relevant or is overly broad, unduly burdensome, or oppressive. *English v. Tex. Farm Bureau Bus. Corp.*, No. 617CV00323-ADA-JCM, 2020 WL 2764625, at *1 (W.D. Tex. May 27, 2020); *see Baker*, 2023 WL 424788, at *3 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *United States v. 5.934 Acres of Land, More or Less*, 635 F. Supp. 3d 553, 556, (S.D. Tex. 2022); *Samsung Elecs. Am., Inc.*, 321 F.R.D. at 284. Moreover, "[t]he burden is on the party resisting discovery to establish the discovery is not proportional." *Hall v. Rent-A-Center, Inc.*, Civ. A. No. 4:16cv978, 2018 WL 4293141, at *3 (E.D. Tex. Aug. 31, 2018); *accord Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591-92 (holding that the party resisting discovery on the grounds that it is not proportional to the needs of the case "bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Federal Rule of Civil Procedure 26(b) by coming forward with specific information to address—insofar as that information is available to it—the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

Generally, a party may obtain discovery from a non-party by serving the non-party with a subpoena issued pursuant to Federal Rule of Civil Procedure 45.  The court, however, may quash or modify a Rule 45 subpoena if it:  "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden."  *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)); *accord In re Matter of Subpoenas Served on Non-party Series 7 of Paramount Dev. Fin. Partners 3.0 LLC*, No. 1-23-MC-00319-DII, 2023 WL 3831794, at *2 (W.D. Tex. June 5, 2023); *Williams v. Magnolia Cafe*, No. CV 18-1020-EWD, 2020 WL 8513837, at *8 (M.D. La. Sept. 29, 2020).  The scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34. *See* FED. R. CIV. P 45(d)(1); *Kendrick v. Heckler*, 778 F.2d 253, 256 (5th Cir. 1985); *Romac Env't Servs., LLC v. Wildcat Fluids, LLC*, No. CV 6:20-0581, 2022 WL 1924106, at *2 (W.D. La. June 3, 2022); *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. CV 20-2795, 2021 WL 2894146, at *3 (E.D. La. July 9, 2021) (holding that "non-party subpoenas are also subject to the parameters of Rule 26"); *Booth v. City of Dallas*, 312 F.R.D. 427, 430 (N.D. Tex. 2015) ("When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)." (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998))).  The moving party "has the burden of proof to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'"  *Wiwa*, 392 F.3d at 818 (quoting *Williams*, 178 F.R.D. at 109); *Wilemon Found.,*

7

*Inc. v. Wilemon*, No. 1:19-CV-136-GHD-DAS, 2021 WL 1649507, at *2 (N.D. Miss. Apr. 27, 2021); *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018).

    B.    <u>Standing</u>

Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *McGowan v. S. Methodist Univ.*, No. 3:18-CV-141-N, 2023 WL 2920848, at *2 (N.D. Tex. Apr. 11, 2023); *Equal Emp. Opportunity Comm'n v. Charles W. Smith & Sons Funeral Home, Inc.*, No. 4:21-CV-00731, 2022 WL 3566927, at *2 (E.D. Tex. Aug. 18, 2022). "For a party to have standing to challenge a subpoena issued to a non-party, the party must either have 'possession of the materials subpoenaed' or a 'personal right or privilege with respect to the materials subpoenaed.'" *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 784-85 (S.D. Tex. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)); *see Higar v. Task Force of Tex., LLC*, No. 217CV60JRGRSP, 2018 WL 4999962, at *1 (E.D. Tex. May 28, 2018); *Black v. DMNO, LLC*, No. CV 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) ("When attempting to quash a subpoena to a third-party the movant must claim some personal right or privilege in regard to the materials being sought and make a showing that there is a personal right to be protected."); *Frazier v. RadioShack Corp.*, No. CIV.A. 10-855-BAJ-CN, 2012 WL 832285, at *2 (M.D. La. Mar. 12, 2012). "The case law on what constitutes a 'personal right or privilege' is scarce; the courts that have considered the issue have generally found standing when the party had an evidentiary privilege as to the documents." *Jez*, 402 F. Supp. 2d at 785 (collecting cases); *accord Wilemon Found., Inc.*, 2021 WL 1649507, at *3.

Defendants assert that they have standing to challenge the subpoena because it "may result in the production of private and confidential documents that are not relevant to this lawsuit." In

8

response, Plaintiffs contend that Defendants fail to demonstrate a personal right or privilege with respect to the materials requested.[1]

The United States Supreme Court, in *United States v. Miller*, held that there is "no legitimate 'expectation of privacy'" in the contents of original checks and deposit slips held by a bank because "[t]he checks are not confidential communications but negotiable instruments to be used in commercial transactions" and that "financial statements and deposit slips[] contain only information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business." 425 U.S. 435, 442 (1976). Not withstanding *Miller*, there is a division among the federal district courts as to whether a party has standing to object to a subpoena to a bank seeking banking records of the party. *See, e.g.*, *La. Newpack Shrimp, Inc. v. Indigo Seafood Partners, Inc.*, No. CV 19-12948, 2021 WL 2227331, at *3 (E.D. La. June 2, 2021) (noting that federal courts "differ on whether a person has a privilege in or a right to bank records held by his bank and whether this right is sufficient to provide standing to challenge a subpoena issued to the bank," without distinguishing *Miller*); *Shenzhen Tange Li'an E-Com. Co. v. Drone Whirl LLC*, No. 1:20-CV-00738-RP, 2021 WL 964815, at *3 (W.D. Tex. Mar. 15, 2021) (noting that "most of the decisions cited by [the party challenging standing] concern Fourth Amendment privacy rights in the context of government investigations rather than civil litigation"); *In re C & M Invs. of High Point Inc.*, No. 13–10661, 2015 WL 661177, at *3 (Bankr. M.D.N.C. Feb. 11, 2015) (noting that cases holding that an individual's personal interest in the privacy of their bank records

---

[1] In support of their argument that Defendants have no standing to challenge the subpoena, Plaintiffs also appear to contend that the limited liability company defendants, AMZ Hunter, Crisp Learning, and Crisp Holdings, have no privacy interest in the bank records because corporate entities have no right to privacy. Plaintiffs cite to Texas cases concerning invasion of privacy causes of action and the Texas Public Information Act. The court finds it unnecessary to address this issue in order to resolve the motion.

is sufficient to confer standing "make no effort to reconcile their rulings with *Miller*"); *Frazier*, 2012 WL 832285, at *2 (noting lack of authority distinguishing *Miller*). Defendants fail to cite any *binding* authority, and the court has been unable to locate any such authority, holding that they have standing to challenge a subpoena issued to his or her bank for their bank records in the context of a civil action on privacy grounds.[2] *See Higar*, 2018 WL 4999962, at *1 (denying the defendant's motion to quash issued to the defendant's bank because he did not identify any personal right or privilege in the subpoenaed documents relating to his checking transactions, balances, deposits, and transfers); *In re C & M Invs. of High Point Inc.*, 2015 WL 661177, at *2 ("An individual cannot quash a subpoena issued to his or her bank on the theory that it infringes a privacy right."); *Frazier*, 2012 WL 832285, at *2; *Robertson v. Cartinhour*, No. CIV.A. AW-09-3436, 2010 WL 716221, at *2 (D. Md. Feb. 23, 2010) (stating that *Miller*'s "application to civil matters remains authoritative").

Furthermore, even if Defendants could challenge the subpoena on the basis of their privacy interest in the bank records, a party "cannot challenge a subpoena issued to a non-party on the basis that it is overbroad, irrelevant, or unduly burdensome." *Dean v. Tyson Foods*, No. 9:21-CV-00005, 2022 WL 20112617, at *3 (E.D. Tex. Sept. 26, 2022) (citing *Smith & Sons Funeral Home, Inc.*, 2022 WL 3566927, at *2); *see Harris v. Henry*, No. 1:22-CV-00366-DAE, 2023 WL 5541077, at *3 (W.D. Tex. Aug. 28, 2023) ("A party may not challenge a subpoena to a third party on the grounds that the information sought is not relevant or imposes an undue

---

[2] The court notes that because "[o]rders with regard to a subpoena ordinarily are considered interlocutory and are not immediately appealable," the body of precedent that has developed has been almost exclusively at the district court level. 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2466 (3d ed. 2023).

10

burden."); *La. Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, ___ F. Supp. ___, No. CV 22-2398, 2023 WL 156876, at *6 (E.D. La. Jan. 11, 2023) ("A party generally 'cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.'" (quoting *Salmon v. Waffle House, Inc.*, No. 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020))); *Wilemon Found., Inc.*, 2021 WL 1649507, at *3 ("[A] party may not challenge a subpoena made to a third-party on the grounds that the information sought is not relevant or imposes an undue burden."); *Shenzhen Tange Li'an E-Com. Co.*, 2021 WL 964815, at *4 ("A party may not challenge a subpoena to a third party on the grounds that the information sought is not relevant or imposes an undue burden."); *Edelson, P.C. v. Bandas L. Firm, P.C.*, No. 2:18-MC-980, 2018 WL 6588436, at *2 (S.D. Tex. Dec. 14, 2018) (holding that a party cannot challenge a Rule 45 subpoena served on a non-party "on the grounds that it is overly broad [or] seeks irrelevant information"); *Bramell v. Aspen Expl., Inc.*, No. 4:05-CV-384, 2008 WL 4425368, at *2 (E.D. Tex. Sept. 24, 2008) ("The Defendants do not have standing to quash the subpoena on the basis that [the non-party] would be subjected to an undue burden when [the non-party] himself failed to so object."). Therefore, Defendants cannot quash the subpoena under Rule 45 on the grounds that the requests are overbroad, unduly burdensome, and not particularized. *Wilemon Found., Inc.*, 2021 WL 1649507, at *3.

    C.    <u>Protective Order</u>

Defendants' motion does not articulate whether its alternative request for relief to modify the subpoenas is brought under Rule 45, Rule 26, or some other basis. The court notes, however,

that a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a non-party subpoena. *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016); *see La. Corral Mgmt., LLC*, 2023 WL 156876, at *6 ("Although a party does not have standing under Rule 45 to raise certain challenges, a party does have standing to challenge relevance under Rule 26(c).").

Rule 26(c) of the Federal Rules of Civil Procedure allows "[a] party or any person from whom discovery is sought [to] move for a protective order in the court where the action is pending." FED. R. CIV. P. 26(c)(1). The court may, for good cause, issue such an order protecting a party "from annoyance, embarrassment, oppression, or undue burden or expense," by forbidding discovery, limiting the scope of discovery, or prescribing the time, place, and manner of discovery. *Id.* The burden is on the movant to show the necessity of a protective order, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)). "Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring other confidential commercial information not be revealed or be revealed in only a certain way." *Bavely, Tr. of AAA Sports, Inc.*, 2023 WL 3686806, at *4; *see* FED. R. CIV. P. 26(c)(1)(A)-(H). "District courts have broad discretion in determining whether to grant a motion for a protective order." *In re LeBlanc*, 559 F. App'x 389, 393 (5th Cir. 2014) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985)); *Bavely, Tr. of AAA Sports, Inc.*, 2023 WL 3686806, at *4;

*Balcacer v. Sam's E. Club Inc*, No. 4:19-CV-03840, 2020 WL 1934851, at *2 (S.D. Tex. Apr. 22, 2020).

The court finds that Defendants' privacy concerns are best addressed by an appropriate protective order. The parties are directed to file with the court a stipulated protective order within 14 days of the entry of this order, protecting the confidentiality of Defendants' bank records, or alternatively, file a stipulation that states that any records produced by JP Morgan are covered under the existing Agreed Confidentiality and Protective Order (#33).

As to Defendants' other, specific objections regarding overbreadth, undue burden, and vagueness, the court rules as follows.

1. <u>Temporal Limits</u>

Defendants assert that Requests 3, 4, and 7-18 are facially overbroad in that they are not properly limited in time. The court notes that this is the only concern that Defendants appear to have raised in their May 26, 2023, proposed revisions (#40-2) which they also advance in their pending motion (#40).[3] Plaintiffs contend that in or around late 2020 or early 2021, Defendants, along with others, concocted a scheme to defraud Plaintiffs. Plaintiffs' RICO claims are premised on wire fraud as the underlying racketeering activity, and Plaintiffs state that they each sent Defendants payments for the creation of Amazon-based businesses that were never provided. Importantly, Plaintiffs' pleadings allege an open-ended RICO pattern or practice such that Defendants continue to perpetuate such a scheme today; hence, Plaintiffs must show "either that the predicate acts establish a 'specific threat of repetition extending indefinitely into the future' or

---

[3] Thus, it does not appear that the meet and confer requirement found in Rule 26(c) and Local Rule CV-7(h) has been fulfilled. Nevertheless, the court will address these objections for the sake of expediency.

'that the predicates are a regular way of conducting the defendant's ongoing legitimate business.'" *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 693 (E.D. Tex. 2020). Thus, the time frame specified in the subpoena, from 2021 to present, could bear on or reasonably lead to other matter that could bear on an issue in this case.

### 2. Any and All Documents

Defendants contend that Requests 3, 4, and 7-18 are overbroad because they seek "any and all documents" relating to a particular subject. Here, the court finds that "documents" is a defined term, limited in each request so as not to be overbroad.

### 3. Beneficiary

Defendants challenge Requests 3 and 4 on the basis that the term "beneficiary" is not defined, making the requests vague and ambiguous. Notably, these requests specify "a beneficiary named Crisp Holdings," and the subpoena defines the term "Crisp Holdings." Accordingly, the court finds that the use of the term "beneficiary" is not vague or ambiguous.

### 4. Crisp's Programs

Defendants aver that requests 9 and 10 are vague and ambiguous because they use the undefined term "Joshua Crisp's Programs." These requests seek documents "referring to an entity named Joshua Crisp's Programs." The court finds that further definition of any such entity is unnecessary.

### 5. AMZ Formula, AMZ Together, and Amazon

Defendants allege that requests 11-16 are vague and ambiguous because they use the term "AMZ," which the subpoena defines as "AMZ Formula, AMZ Together, or Amazon." The court

agrees that to the extent the subpoena defines "AMZ" to include "Amazon," the request is vague. The court modifies the request to remove "Amazon" from the definition of "AMZ."

      6.    Complaint

Defendants object to requests 13 and 14 on the basis that the term "complaint" is not defined, thereby rendering the requests vague and ambiguous. The court finds that the term "complaint" should be given its ordinary meaning and is not vague or ambiguous in this context.

      7.    Legal Conclusions

Finally, Defendants contend that requests 15 and 16 seek documents related to "wire fraud," and that a financial institution is in no position to determine what documents, if any, relate to "wire fraud." The court agrees that this request impermissibly requires the responding institution to draw a legal conclusion and, therefore, strikes this request.

## III. Conclusion

In accordance with the foregoing analysis, Defendants' Motion to Quash or Modify Non-Party Subpoena (#40) is GRANTED in part. The subpoena is modified to remove "Amazon" from the definition of "AMZ." In addition, requests 15 and 16 are stricken.

The parties are to file with the court a stipulated protective order within 14 days of the entry of this order, protecting the confidentiality of Defendants' bank records, or alternatively, file a stipulation that states any records produced by JP Morgan are covered under the existing Agreed Confidentiality and Protective Order (#33).

**Signed this date**

**Sep 21, 2023**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE